UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MORALEZ,

    Plaintiff,                                        Hon. Janet T. Neff

v.                                                      Case No. 1:18-cv-634

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion for Writ of Mandamus</u>, (ECF No. 1), and <u>Defendants' Motion to Dismiss</u>, (ECF No. 19). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**, Defendants' motion be **granted**, and this action **terminated**.

## BACKGROUND

On September 11, 2015, Plaintiff filed a "charge of discrimination" with the Equal Employment Opportunity Commission (EEOC). (ECF No. 22-1 at PageID.174). Plaintiff alleged that he was "forced" to involuntarily, and without justification, resign his position with Arby's. (ECF No. 22-1 at PageID.174). Plaintiff alleged that he was "discharged due to [his] national origin, Hispanic, and in retaliation for opposing unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964, as amended." (ECF No. 22-1 at PageID.174). The EEOC docketed

Plaintiff's complaint and began investigating Plaintiff's allegations. (ECF NO. 22-2 at PageID.177-78).

On February 18, 2016, Plaintiff submitted to the EEOC a "motion for summary judgment" under 29 C.F.R. § 1614.109(g).[1] (ECF No. 1 at PageID.5; ECF No. 1-1 at PageID.30-51). On February 23, 2016, Gail Cober, Field Director of the EEOC's Detroit Field Office, authored a letter to Plaintiff informing him that the EEOC was dismissing Plaintiff's claim. (ECF No. 1-1 at PageID.64-66). Specifically, Cober indicated that video evidence submitted by Arby's established that Plaintiff's termination was proper and, moreover, that Plaintiff had failed to present "any information or evidence" suggesting that Arby's acted unlawfully. (ECF No. 1-1 at PageID.64-66). Plaintiff was further informed that he could further pursue the matter by initiating legal action in federal court within 90 days. (ECF No. 1-1 at PageID.66).

On March 17, 2016, Plaintiff sent an email to Gail Cober requesting "an 'electronic' form 5 EEOC complaint form." (ECF No. 1-1 at PageID.53-62). Plaintiff indicated that he wished to amend his EEOC complaint to assert additional charges based upon statements made by Gail Cober in her February 23, 2016 letter to Plaintiff. (ECF No. 1-1 at PageID.53-62). On August 24, 2017, Plaintiff sent an email to Victoria Lipnic, EEOC Acting Chair, and Milton Mayo, Inspector General, requesting that the EEOC take immediate action on his complaint against Arby's and enter an award of summary judgment in Plaintiff's favor. (ECF No. 1-1 at PageID.68-77). Plaintiff apparently received no response to these communications.

---

[1] A motion asserted under § 1614.109 "is the administrative equivalent to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure." *See Gilmore v. Donahoe*, 2013 WL 2338760 at *1 (M.D. Fla., May 29, 2013). Section 1614.109, however, applies only to federal employees. *See, e.g., Bulluck v. Hagel*, 130 F.Supp.3d 167, 170 (D.D.C. 2015) (citing 29 C.F.R. § 1614.103(c)). Because Plaintiff was employed by Arby's the remedies under § 1614.109 were not available to him.

Plaintiff initiated the present action on June 6, 2018, against the EEOC, Gail Cober, and Victoria Lipnic requesting mandamus relief.  (ECF No. 1).  Specifically, Plaintiff requests that the Court order Defendants to: (1) further investigate his discrimination claim against Arby's; (2) award Plaintiff summary judgment; and (3) provide Plaintiff with a Form 5 so that he can amend his initial discrimination charge.  Plaintiff also references the Administrative Procedures Act (APA) and 28 U.S.C. § 1331 as creating jurisdiction in this Court over his request for relief.  Defendants have now moved to dismiss Plaintiff's complaint and motion for mandamus relief.

## ANALYSIS

**I.        Capacity**

Plaintiff does not appear to have explicitly indicated whether he is suing Defendants Cober and Lipnic in their personal or official capacities.  However, several facts lead the Court to conclude that Plaintiff is suing Cober and Lipnic in their official capacities only.  The caption of Plaintiff's motion for mandamus/complaint identifies Cober and Lipnic by their official titles.  The only allegations against Cober and Lipnic concern actions undertaken in their official capacity.  The relief Plaintiff seeks can only be provided by Cober and/or Lipnic acting in their official capacity.  Finally, Plaintiff's motion for mandamus/complaint fails to provide adequate notice to Cober or Lipnic that they face personal liability in this matter.  *See, e.g., Beil v. Lake Erie Correction Records Department*, 282 Fed. Appx. 363, 367 (6th Cir., June 13, 2008).  Because Cober and Lipnic are being sued in their official capacities, Plaintiff's claims are, in fact, asserted against the EEOC.  *See, e.g., Baar v. Jefferson County Board of Education*, 476 Fed. Appx. 621, 634-35 (6th Cir., Mar. 7, 2012).  Thus, for all practical purposes, the only Defendant in this matter is the EEOC, an agency of the United States government.

## II.     Subject Matter Jurisdiction

It is well understood that the United States is immune from suit except to the extent that it consents to be sued. *See Toledo v. Jackson*, 485 F.3d 836, 838 (6th Cir. 2007) (citations omitted). A "waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Thompson v. McHugh*, 388 Fed. Appx. 870, 873 (6th Cir., July 21, 2010) (citation omitted). Moreover, "[t]he scope of any waiver must be strictly construed in favor of the government." *Thompson*, 388 Fed. Appx. at 873 (citation omitted). Plaintiff bears the burden to establish that the Court has subject matter jurisdiction over his claims and/or action. *See Novick v. Frank*, 2017 WL 4863168 at *1 (6th Cir., June 6, 2017). Plaintiff argues that the Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and the Administrative Procedures Act.[2]  The Court disagrees.

### A.     28 U.S.C. § 1331

Section 1331 provides that "the district courts shall have original jurisdiction off all civil actions arising under the Constitution, laws, or treaties of the United States." This provision is generally referred to as the federal question jurisdiction statute. However, the relevant question presently is not whether Plaintiff's claims arise under federal law, but instead whether the United States has consented to being sued. On this question, § 1331 is silent and does not constitute a waiver of sovereign immunity. *See Jackson*, 485 F.3d at 838.

---

[2] Plaintiff's request for mandamus relief is addressed separately below. The discussion immediately below concerns the Court's jurisdiction to take action or provide relief wholly apart from Plaintiff's request for mandamus relief.

B.     Administrative Procedures Act

The Administrative Procedures Act (APA) provides for judicial review of certain agency actions, including alleged failures to act.  *See Heckler v. Chaney*, 470 U.S. 821, 828 (1985) (quoting 5 U.S.C. §§ 701-706).  While courts apply a "strong presumption favoring judicial review of administrative action," this presumption "fails when a statute's language or structure demonstrates that Congress wanted an agency to police its own conduct."  *Mach Mining, LLC v. Equal Employment Opportunity Commission*, 135 S.Ct. 1645, 1651 (2015).  One specific limitation on the APA's grant of sovereign immunity is that judicial review is not available where the agency action being challenged is committed to agency discretion by law.  5 U.S.C. § 701(a)(2).

Here, Plaintiff seeks relief against the EEOC for its decision to not pursue his discrimination claim against Arby's.  However, whether to pursue Plaintiff's claim is a matter committed to the EEOC's discretion and, therefore, is beyond the Court's ability to review.  *See, e.g., Heckler*, 470 U.S. at 832 ("an agency's decision not to take enforcement action should be presumed immune from judicial review under § 701(a)(2)"); *Ohio Public Interest Research Group, Inc. v. Whitman*, 386 F.3d 792, 797 (6th Cir. 2004) (same).

In sum, Plaintiff could have pursued his discrimination claims against Arby's by timely bringing an action in federal court following the EEOC's decision to not pursue the matter.  The Court would have had jurisdiction over such action.  Plaintiff, however, chose not to pursue his available remedies and instead chose to sue an agency of the Unites States government.  As discussed above, however, the Court lacks jurisdiction over such claims.

**III.     Mandamus**

Plaintiff also requests that the Court issue a writ of mandamus ordering the EEOC to (1) further investigate his discrimination claim against Arby's; (2) award Plaintiff summary judgment; and (3) provide him with a Form 5 so that he can amend his initial discrimination charge. Mandamus is an "extraordinary remedy" justified only in "compelling" circumstances constituting "a judicial usurpation of power" or "a clear abuse of discretion." *In re McNulty*, 597 F.3d 344, 349 (6th Cir. 2010). Plaintiff's allegations do not concern an alleged judicial usurpation of power. Thus, the Court will address whether the EEOC's actions constituted a clear abuse of discretion sufficient to justify such an extraordinary remedy.

Plaintiff demands that the EEOC investigate his discrimination claim against Arby's. The record, however, demonstrates that the EEOC did, in fact, investigate Plaintiff's claim. As noted above, the EEOC's investigation revealed evidence justifying Plaintiff's termination from Arby's. Plaintiff was afforded the opportunity to rebut such evidence, but failed to do so. The decision by the EEOC to not further pursue Plaintiff's allegations hardly constitutes an abuse of discretion.

Likewise, the EEOC's failure to award summary judgment to Plaintiff was not an abuse of discretion. First, as also noted above, the provision Plaintiff cites in support of his motion for summary judgment is not applicable as he was not a federal employee. Furthermore, even were this provision presently applicable, Plaintiff has failed to demonstrate that such relief was appropriate. Finally, the alleged failure to provide Plaintiff with a Form 5 did not constitute an abuse of discretion. As Defendants note, Plaintiff did not require a Form 5 to amend his discrimination charge. Instead, Plaintiff needed simply to: (1) submit a verified writing; (2) which identified the parties and generally described "the action or practices complained of"; and (3) requesting "the agency to activate its

machinery and remedial processes." *Williams v. CSX Transportation Co., Inc.*, 643 F.3d 502, 509 (6th Cir. 2011).   In sum, Plaintiff has failed to demonstrate entitlement to mandamus.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Writ of Mandamus, (ECF No. 1), be denied; Defendants' Motion to Dismiss, (ECF No. 19), be granted, and this action terminated.   The undersigned further recommends that appeal of this matter would not be taken in good faith.   *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

      Respectfully submitted,

Dated: February 25, 2019      /s/ Ellen S. Carmody
      ELLEN S. CARMODY
      United States Magistrate Judge